**FIRST NATIONAL BANK OF HOLLYWOOD et al., Plaintiffs,**

v.

**AMERICAN FOAM RUBBER CORPORATION et al., Defendants.**

60 Civ. 2328.

United States District Court,
S. D. New York.

Sept. 26, 1969.

See also D.C., 309 F.Supp. 545.

Whyman & Whyman, New York City, for plaintiffs; Martin N. Whyman, New York City, of counsel.

Winer, Neuburger & Sive, New York City, for defendants, David Sive, New York City, of counsel.

MEMORANDUM

COOPER, District Judge.

Plaintiffs' second cause of action charging the individual defendants with having breached the subordination provisions of the Buy-Sell Agreement entered into between them and Samuel spect are measured by the distributive dividend paid out by the bankrupt es-Buchman on May 17, 1957 was tried to this Court. In an opinion filed July 23, 1969, we held that Marie Louise deMontmollin had breached the provisions in question when she exchanged her American Foam Rubber Corporation (AFR) debentures for preferred stock and when she discharged her Burlington debentures and loaned $15,000 to AFR, D.C., 306 F.Supp. 593. We found that the latter breach damaged plaintiffs to the extent of $15,000, plus interest thereon from the date of such breach.

The damages resulting from the exchange of debentures for preferred stock were not as readily ascertainable. We expressed the formula by which such damages were to be computed as follows: "Assuming deMontmollin presently held the Series A and Series B AFR debentures she converted into preferred stock, what would be the total amount of dividends thereon that she would receive out of the bankrupt estate?" 306 F.Supp. at p. 608. Determination of the damages resulting from the exchange was rendered impossible, however, by plaintiffs' failure to furnish the court with sufficient information upon which to predicate a computation of deMontmollin's distributive dividends. So confronted, we chose to allow the filing of additional proof in affidavit form.

Both sides have submitted affidavits and reply affidavits addressed to this specific issue of damages. Plaintiffs seek to recover $10,656; defendants contend they are entitled to only $2,112.

While the dollar distance between the parties on this specific damage item involves a relatively small amount, their papers clearly point up how speculative and uncertain would be the factors upon which such damages could be predicated if computed at this time. Even the taking of extensive testimony (as defendant asserts is necessary) would present the same handicaps if undertaken now.

This case is unique in that while such damages are highly conjectural today they can be made certain at some future date. Plaintiffs' damages in this retate to its general unsecured creditors; this dividend, of course, must be adjusted for our purposes by adding deMontmollin's claim (apparently $222,000) to the claims of other general unsecured creditors. The amount of this distributive dividend will become ascertainable at some future date. We firmly believe that it would be unwise as well as unfair to all parties concerned to presently do otherwise.

Accordingly, confronted by no reasonable alternative, we have resolved to hold the computation of the aforementioned specific damages in abeyance until the amount of the dividend to be paid out by the bankrupt estate can be ascertained with a reasonable degree of certainty. We note that this places plaintiffs in almost the same position they would have been in had deMontmollin not converted her debentures into stock, i. e., in the absence of such a breach, plaintiffs would have had to await distribution of the bankrupt estate before receiving the dividend paid on deMontmollin's claim.

Since entry of judgment on plaintiffs' second cause of action must await determination of the aforementioned damages, and since "there is no just reason for delay," we direct that judgment be entered on all other claims in this litigation. Rule 54(b), F.R.Civ.P. Entry of judgment shall not be delayed for the taxing of costs. Rule 58, F.R. Civ.P.